Avert, J.
dissenting. I dissent from the opinion just declared by a majority of the Court. It reverses a judgment of the Supreme Court upon the circuit, rendered in 1844, which was decided, as I believe, in conformity with long established principles, and ought to be sustained.
The mortgage before that Court, and which is now before us in the present bill of review, had been given to secure certain specified notes, and contained a provision, following after the description of the notes, in thesé words: “ and in case any of the above described notes should be renewed, then such renewed notes respectively, and any other sum or sums of money, which the said Bonsai may be owing or indebted, unto the said Bonsai.” The mortgage deed was not to become void, but to remain in full force until payment should be made of the sums of money therein specified. The Court upon the circuit construed the words employed in this provision, to embrace future advances, and I do not see how any other construction can fairly be given to them. -
By the very terms of the mortgage, the payment is to be future, of all the several amounts secured; the deed is to be void only upon the condition that the notes of Bonsai therein described, the notes to be renewed, and any other sums which said Bonsai may.be owing, shall thereafter be paid. That the words admit of the interpretation here contended for, I do not expect to hear denied, and that such is not the more natural interpretation of the language, cannot, I think, be claimed. “ Sums of money that may be owing,” would seem to look to the future, and unless restrained by some word as now owing, or by something else in the deed to show that a present debt only was contemplated, would apply to a future indebtedness.
The Court on the circuit decided also that a mortgage given to secure future advances is a valid mortgage, and sufficient to protect such advances. In this it will be hard to prove that *382 they are not sustained by the authorities, both American and English. The principle is sound whether applied to advances or future liabilities under a bond of indemnity. The cases cited are ample and full to the. point.
Our statute relating to deeds, (Swan’s, 265,) does not change the original form of the mortgage. It speaks of it as it does of the deed, neither attempting to limit or enlarge, or in any way to define the meaning of either teiyn. And there is nothing peculiar in our business or circumstances, which should lead the Court to deny the validity in this State, of a mortgage deed to protect future advances or liabilities.
But I do not understand the majority of the Court to deny that such a mortgage, is binding between the parties to the instrument, and proper as between them, to become the foundation for proceedings in Chancery and for a decree of foreclosure or sale.
But why restrict this* mortgage tp its effect upon the parties alone, when that must deprive it of nearly all its practical value ? If mortgages are to continue in general use, as one of the forms of security, they must be of force against those who have knowledge of their existence, as well as against the parties executing them.
It seems I think to be feared that giving full force to such a mortgage, will in some way affect the construction heretofore given to the Registry act. If such an instrument as I have been considering is a mortgage, and valid as such between the parties, then when it is placed upon the record, it is a valid mortgage recorded; and constructive notice, not to be gainsayed, is thereby given to all, of the existence of such incumbrance. The terms of the mortgage make the land liable as between the parties. The only object of recording, is to give notice of this fact to others. Uncertainty as to'the amount actually covered by the mortgage, at any given time, can be no sufficient reason for refusing to support such a mortgage, because the same objection will lie against all other mortgages. The record very seldom furnishes any evidence of the true amount of the debt. *383 Let the person then who wishes to loan money, or secure other liabilities on the mortgaged premises, take measures to ascertain, as in other cases, the extent of the incumbrance at the time he makes his loan.
The decisión to be pronounced in this case, may perhaps go so far as to protect all advances made after the execution and up to the time when the second mortgage is recorded. If so, it will be because the record of this first mortgage is constructive notice to all persons, of such subsequent advances. In that case, to do equal justice to these two < mortgagees, the subsequent ought to give actual notice to' the' prior mortgagee, and put him upon his guard against incurring liabilities for the mortgagor, as he had been formerly doing with safety. Unless this be done the second mortgagee should record and hold his mortgage subject to all advances made by the first, till he" gets actual knowledge of the second incumbrance. The second mortgagee, if he acts with the common prudence, will, unless he trusts to the honesty of the mortgagor, cause the record to be examined, and then, besides constructive notice, he will obtain actual knowledge of the incumbrance. To enable him to break off the agreement, upon which the parties to the first had been before acting in good faith, it is not too much to-require him to give information to the person who, otherwise by continuing to repose upon the agreement, might suffer a loss. The record points out the first mortgagee, but he has no means of knowing' who is about taking a second incumbrance, that is to supercede his. He may indeed- go to the recorder’s office to transact the business with his debtor, make-the advance there, and preserve evidence of the exact time when the advance is made, and thus avoid the effect of a subsequent mortgage.
If the difference between the majority of the Court and myself shall be reduced to this, to wit, whether actual notice is to be required from either encumbrancer, the question becomes one of less interest than I at first supposed. But if so, what necessity is there, or principle, that requires the first mortgage, *384 which once had been valid, and notice to all the world, to be destr0yed by the mere recording of a subsequent mortgage ? If there not any difference of moment, there is, then, the less reason for reversing the decree rendered by the Supreme Court some four or five years ago, which settled the rights of these parties, as it seems to me, correctly. How far that decree may have operated as a precedent for similar decrees since rendered, or how far business men may have regulated their conduct by it, I do not know. But this individual case, itself, will cause a considerable sui^ to change hands; and I can see no sufficient reason for disturbing the old relations of the parties, or for establishing the principle settled by this decision.
Birchard, C. J.
In this case, I hold that the placing upon record of Spader’s mortgage, was notice to Lawler; and that the advance of a thousand and eight .dollars, by him, made some five years afterwards, upon his elder mortgage, is to be -Taken as an advance made with notice of Spader’s lien. Beyond this, the case requires no opinion, and I give none. My conclusion on this point, which is decisive of the case, is drawn from the statute, (Swan, 266,) which declares that all mortgages shall be recorded in the office, of the county recorder, and shall take effect from the time when the same are recorded. Spader’s mortgage took effect in 1836, and its effect was to hold and bind the precise interest which Bonsai then had in the . premises. So far as Lawler’s mortgage was concerned, the estate was at' that time bound only for the balance then due to him. As to his future and subsequent advances, he ought, in equity and law, to be considered as acquiring a subsequent interest, which in one sense relates back to the date of his mortgage, but yet has no such relation back as will defeat the intermediately acquired rights of Spader. There is no reason why the record should not be notice to him, as well as to every other man.
Hitchcock, J„ concurred in the above.